# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| ANITA ROBERTS, | |
|                       Plaintiff, | 1:08-cv-90 |
|   v. | |
| KMART CORPORATION, | |
|                       Defendant. | |

TO:    Lee J. Rohn, Esq.
         Eugenio W.A. Geigel-Simounet, Esq.

## ORDER

THIS MATTER came before the Court for consideration upon Plaintiff's Motion to Compel Defendant to Supplement Its Response to Discovery (Docket No. 33). Defendant filed an opposition to said motion, and Plaintiff filed a reply thereto.

Having reviewed the written submissions, the Court makes the following findings and conclusions.

**Interrogatory No. 2:**    Defendant has adequately responded to this interrogatory. No further response is necessary.

**Interrogatory No. 4:**    Defendant has adequately responded to this interrogatory. No further response is necessary.

**Interrogatory No. 5:** Defendant shall supplement its response.

**Interrogatory No. 8:** The Court agrees that the specific location of any video/surveillance cameras is protected information. The Defendant shall supplement its response with information concerning whether any cameras were positioned in such a way to capture the underlying incident and, if so, when the video was reviewed and by whom and the current location of the video.

**Interrogatory No. 9:** Defendant shall supplement its response with the identity of the employees on duty on June 2, 2008.

**Interrogatory No. 10:** Defendant shall supplement its response with the identity of the employee(s) assigned to the department in which the underlying incident occurred on the date and time of said incident.

**Interrogatory No. 11:** Defendant shall supplement its response with the identity of the local contractor who was responsible for cleaning the floors of the store each night at the time of the underlying incident and the duration of said contract.

**Interrogatory No. 12:** Defendant shall supplement its response with the identity of the employee(s) assigned to the department in which the underlying incident occurred on the date of said incident.

**Interrogatory No. 13:** Defendant has adequately responded to this interrogatory. No further response is necessary.

**Interrogatory No. 19:** Defendant shall supplement its response with regard to any investigation taken after learning of the underlying incident.

**Interrogatory No. 22:** Defendant shall supplement regarding substantially similar incidents involving slip and falls on soapy or other similar substances on the floor.

**Interrogatory Nos. 24 and 25:** Defendant shall supplement with any currently known facts.

**Demand For Production No. 1:** Defendant shall supplement, as offered.

**Demand For Production Nos. 2, 3, 19, 26:** Defendant shall supplement with Bates numbers, as offered.

**Demand For Production No. 4:** Defendant has adequately responded to this demand. No further response is necessary.

**Demand for Production No. 5:** Defendant shall supplement, as offered.

**Demand For Production No. 6:** Defendant has adequately responded to this demand. No further response is necessary.

**Demand For Production No. 7:** Defendant shall supplement. If no responsive documents exist, Defendant shall so aver.

**Demand For Production No. 9:** Defendant has adequately responded to this demand. No further response is necessary.

**Demand For Production No. 10:** Defendant has adequately responded to this demand. No further response is necessary.

**Demand For Production No. 11:** Defendant shall supplement regarding lawsuits involving substantially similar slip and falls on soapy or other similar substances on the floor, the presence of which Defendant had notice.

**Demand For Production No. 14:** Defendant shall supplement. If no responsive documents exist, Defendant shall so aver.

**Demand For Production No. 15:** Defendant shall supplement. If no responsive documents exist, Defendant shall so aver.

**Demand For Production No. 17:** Defendant shall supplement. If no responsive documents exist, Defendant shall so aver.

**Demand For Production No. 25:**  Defendant shall supplement its response with copies of any waivers signed by Plaintiff in its possession.

**Demand For Production No. 36:**  Defendant shall supplement, as offered.

**Demand For Production No. 37:**  Defendant shall supplement its response limited to those reports from the store where the underlying incident occurred.

**Demand For Production Nos. 38-41:**  Defendant shall supplement. If no responsive documents exist, Defendant shall so aver.

**Demand For Production No. 42:**  Defendant shall supplement. If no responsive documents exist, Defendant shall so aver.

**Demand For Production No. 44:**  Defendant shall supplement. If no responsive documents exist, Defendant shall so aver.

**Demand For Production Nos. 45, 47, 48, 50:**  Defendant shall supplement. If no responsive documents exist, Defendant shall so aver.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiff's Motion to Compel Defendant to Supplement Its Responses to Discovery (Docket No. 33) is **GRANTED IN PART AND DENIED IN PART**.

2. Defendant shall supplement as directed hereinabove, specifically, Interrogatory Nos. 5, 8, 9, 10, 11, 12, 19, 22, 24, and 25, and Demand For Production Nos. 1, 2, 3, 5, 11, 14, 15, 17, 19, 25, 26, 37, 38-41, 42, 44, 45, 47, 48, and 50, within ten (10) days from the date of entry of this order.

ENTER:

Dated: February 12, 2010
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE