| | |
|---|---|
| ANITA ROBERTS, | |
| Plaintiff, | 1:08-cv-90 |
| v. | |
| KMART CORPORATION, | |
| Defendant. | |

TO:   Eugenio Geigel-Simounet, Esq.
       Lee J. Rohn, Esq.

### ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

THIS MATTER is before the Court upon Defendant's Motion For Reconsideration (Docket No. 61). Plaintiff filed an opposition thereto, and the time for Defendant to file a reply has expired.

Local Rule 7.3, which governs motions for reconsideration, provides that "a motion to reconsider shall be based on: (1) intervening change in controlling law; (2) availability of new evidence, or; (3) the need to correct clear error or prevent manifest injustice." LRCi 7.3. Here, Defendant does not point to a change in controlling law or the availability of new evidence to support its Motion for Reconsideration.

In its Motion for Reconsideration, Defendant merely restates the position it took in its opposition to the original motion for sanctions. In both its opposition and its motion for reconsideration, Defendant claims it already has supplemented its responses to the interrogatories and that Defendant has been working on supplementation of documents. As this Court has stated previously, "[d]issatisfaction with the Court's ruling is not a proper basis for reconsideration." *Berrios v. Hovic*, 2005-cv-0192, 2008 U.S. Dist. LEXIS 68163 (D.V.I. 2008) (citation omitted). *See also Bluebeard's Castle, Inc. v. Delmar Marketing, Inc.*, 32 V.I. 278, 279 (D.V.I. 1995) ("Since plaintiff's arguments merely rehash those proffered in its opposition to defendant's original motion. . . the Court will deny the plaintiff's motion to reconsider.").

Based upon the foregoing, it is hereby **ORDERED** that Defendant's Motion for Reconsideration (Docket No. 61) is **DENIED**.

ENTER:


Dated: June 29, 2010                    /s/ George W. Cannon, Jr.
                                        GEORGE W. CANNON, JR.
                                        U.S. MAGISTRATE JUDGE