IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

ANITA ROBERTS,                    )

    Plaintiff,                )  No. 8-90

       v.                         )

KMART CORPORATION,

    Defendant.

**OPINION AND ORDER**

**SYNOPSIS**

In this civil action, Plaintiff alleges that she was injured when she slipped and fell on a substance on the floor of Defendant's store. Defendant has moved for summary judgment, on grounds that the danger was known and obvious, and that Plaintiff cannot demonstrate that it had notice of the spill. Plaintiff contends that she has proffered sufficient evidence of constructive notice, and that Defendant is not entitled to judgment based on the obviousness of the danger.[1] For the following reason, and after careful consideration of the parties' submissions, Defendant's Motion will be denied.

**OPINION**

**I. APPLICABLE STANDARDS**

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1] In addition, Plaintiff contends that she need not demonstrate notice, because the floor was not sufficiently slip-resistant. This argument rests on the proffered expert testimony of Terrance Fisher, who is the subject of a pending Daubert motion. Thus, although the case will go forward after today's Opinion and Order, it remains whether Plaintiff will be permitted to proceed to trial on her theory, based on Fisher's testimony, that the floor was inherently dangerous when wet.

1

genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court must examine the facts in a light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F. 2d 946, 949 (3d Cir. 1990). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. United States v. Omnicare, Inc., 382 F.3d 432 (3d Cir. 2004). Rule 56, however, mandates the entry of judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "A plaintiff cannot avoid summary judgment with speculation; he or she must provide competent evidence from which a rational trier of fact can find in his or her favor." United States v. 8 Bayview Terrace, No. 10-1546, 2010 U.S. App. LEXIS 17262, at *18 (3d Cir. Aug. 16, 2010).

**II. DISCUSSION**

Defendant argues that Restatement (Second) of Torts § 343 and § 343A, which read as follows, preclude Plaintiff from recovering in this action as a matter of law:

§ 343 Dangerous Conditions Known to or Discoverable by Possessor

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

§ 343A Known or Obvious Dangers

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

(2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated.

### A. Obvious Danger/Anticipated Harm

Under these Sections, a possessor may be liable to a visitor for harm from a known or obvious danger if there is "reason to expect harm to the visitor from known or obvious dangers … for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." Restatement § 343A cmt f. The question of whether a danger was known or obvious is usually a question of fact for the jury. Zinn v. Gichner Sys. Group, 880 F. Supp. 311, 316 (M.D. Pa. 1995). A "danger is deemed to be 'obvious' when 'both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment.'" Ernst v. Barr, 90 Fed. Appx. 670, 672 (3d Cir, 2004).

In this case, there are genuine issues of material fact regarding whether Sections 343 and 343A preclude Plaintiff's recovery. It is undisputed that Plaintiff did not actually see the spill prior to her slip and fall. Defendant, in arguing that the danger was obvious, points to the orange color of the spill, and its visibility against the white store floor. Moreover, the parties agree that Plaintiff was carrying merchandise that she intended to purchase, including a large

picture frame, and wearing flip-flop sandals. The record contains evidence that spills are a regular occurrence in the store. Plaintiff argues that Defendant could have anticipated patrons wearing flip-flops, and carrying merchandise, as well as spills in its store. Under all of the circumstances, and taking all facts and inferences in Plaintiff's favor, I cannot conclude as a matter of law that the danger posed by the spill was "obvious" so as to relieve Defendant of liability, and if it was, that Defendant could not have anticipated harm despite the obviousness. Therefore, there are genuine issues of material fact that preclude the entry of judgment in that regard.

### B. Constructive Notice

The parties agree that "[t]o establish a breach of duty, a plaintiff must prove that the owner had actual or constructive notice of the dangerous condition…Failure to offer evidence from which the fact finder could conclude that the owner had notice of the dangerous condition is fatal to the plaintiff's claim.." Canton v. Kmart Corp., No. 5-143, 2010 U.S. Dist. LEXIS 12646, at **5-6 (D.V.I. Feb. 12, 2010). Because Plaintiff does not allege actual notice, she must show that the substance was on the floor long enough to provide Defendant with constructive notice of the potential unreasonable risk of harm. Saldana v. Kmart Corp., 260 F. 3d 228, 232 (3d Cir. 2001). This requires that Plaintiff provide some evidence that "would allow the jury to infer that the substance had been on the floor 'for some minimum amount of time before the accident." Canton, 2010 U.S. Dist. LEXIS 12646, at *6. It is a question of fact for the jury whether, under all of the circumstances, the substance was on the floor long enough such that it would have been discovered with the exercise of reasonable care. Saldana, 260 F. 3d at 232.

It is well established that "the mere presence of the foreign substance does not establish whether it had been there a few seconds, a few minutes, a few hours or even a few days before

the accident." David v. Pueblo Supermarket, 740 F.2d 230, 234 (3d Cir. 1984) (quoting Restatement (Second) of Torts S 343 (1965)). However, evidence of "tracking" marks in and around a spill is relevant to a constructive notice analysis. Williams v. United Corp., 50 V.I. 191, 196-97 (V.I. 2008). Moreover, "[a] jury might, indeed, find that constructive notice requires a shorter amount of time when a spill occurs in an area of the store near an employee rather than in some remote aisle far from workers' eyes." Saldana, 260 F. 3d at 235 n.3.

Here, it is undisputed that Plaintiff fell on a slippery orange substance on the floor, in the houseware area of Defendant's store. A witness observed a thick orange liquid going down the entire length of the aisle. Another witness testified that there were "sticky sounds" on the bottom of people's shoes as they were walking. Plaintiff points to her testimony that after she fell, she noticed marks, like "car tracks," going through the liquid on the floor. In addition, Plaintiff observed two store employees in the immediate vicinity at the time of her fall. Taken together, and viewing the facts in the light most favorable to Plaintiff, the evidence is sufficient to create a genuine issue of material fact for the jury regarding notice. Therefore, Defendant's Motion must be denied to that extent.

### C. Causation

Defendant's argument that Plaintiff cannot establish that its conduct caused her injury is intertwined with the contentions that Defendant had no notice of the spill, and that its obvious nature nullified Defendant's duty. Having disposed of those two issues, I find that there is a genuine issue of material fact regarding whether Defendant's acts or omissions were causally connected to Plaintiff's injuries, and the Motion will be denied to that extent.

## CONCLUSION

In sum, there are genuine issues of material fact that preclude the entry of judgment in Defendant's favor, on the issues of causation and whether the Restatement of Torts (Second) Sections 343 and 343A preclude Plaintiff's recovery. An appropriate Order follows.

## ORDER

AND NOW, this 21st day of July, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Summary Judgment (Docket No. 131) is DENIED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose
Senior Judge, U.S. District Court
Sitting by Designation